**GOLDEN ISLES CONVALESCENT CENTER, INC., d/b/a Hallandale Rehabilitation Center, et al., Plaintiffs,**

v.

**Joseph A. CALIFANO, Jr., etc., et al., Defendants.**

**No. 76–1810–CIV–WMH.**

United States District Court, S. D. Florida.

Oct. 18, 1977.

Elliot S. Shaw, Miami, Fla., for plaintiffs.

James G. Mahorner, Dept. of Health and Rehabilitation Services, Tallahassee, Fla., William R. Northcutt, Asst. U. S. Atty., Miami, Fla., for defendants.

MEMORANDUM OPINION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT

HOEVELER, District Judge.

Certain nursing home operations located in this District have brought suit against

the State Department of Health and Rehabilitative Services, the Federal Department of Health, Education and Welfare, and their respective executive officers to require implementation of Public Law 92–603, Sec. 249, 42 U.S.C. Sec. 1396a(13)(E), (hereinafter Sec. 249).

Jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1331. Venue, though objected to by the State defendants, lies in this district.

At the present time, the plaintiffs' Motion for Summary Judgment is before this Court. As will be set out more fully in this opinion, the Court is unable to adjudicate the whole case upon the present state of the pleadings and will therefore treat Plaintiffs' Motion as one brought under Rule 56(d), Federal Rules of Civil Procedure.

Plaintiffs are providers of skilled nursing facility services to the State of Florida which participates in the Medicaid Program with the Federal Government. Under the program, payments are made by the designated State agency to qualified beneficiaries, including Plaintiffs. These payments come from State and Federal sources and are made in accordance with regulations approved by the Secretary of Health, Education and Welfare.

This dispute centers around the regulations issued by HEW (45 C.F.R. Sec. 250.-30(a)(3)(iv)) requiring the State participants to provide reimbursements "on a reasonable cost related basis" to skilled nursing home facilities. The regulation sets an effective date of January 1, 1978. However, Section 249 sets an effective date of July 1, 1976. HEW contends that it was slow in promulgating regulations and that it did not wish to penalize State participants for its own delay.

Since this case was commenced, the opinion of Judge Frank M. Johnson, Jr. in *Alabama Nursing Home Association v. Califano*, 433 F.Supp. 1325 (M.D.Ala.1977) has been filed. Many of the same arguments brought before this Court by plaintiffs and defendants were addressed by Judge Johnson in some detail.

This Court is in substantial agreement with Judge Johnson that the portion of 45 C.F.R. Sec. 250.30(a)(3)(iv) setting an effective date of January 1, 1978, for implementation of Section 249 is inconsistent with the Congressional mandate. Therefore, the regulation is invalid insofar as it sets an effective date other than July 1, 1976.

The State of Florida has a present ability to calculate nursing home reimbursement rates on a cost related basis within the meaning of Section 249. The deposition of Hugo Jordan, Reimbursement Supervisor, Nursing Home Program, State Department, Florida Department of HRS establishes that the State has the necessary data to promulgate a plan conforming to Section 249 on cost related basis effective immediately. There is some dispute as to whether or not the present plan conforms to Section 249, but the mandate of Congress clearly calls on the Secretary of HEW to make this determination administratively.

Accordingly, the Department of HEW is hereby directed to determine whether the plan of the State of Florida is in present conformity with the requirements of Section 249. The Department must determine whether the current Florida plan provides for reimbursement on a reasonable cost related basis to skilled nursing care providers. The Department is directed to advise this Court of its determination within ten (10) days of the date of this Order. If the present plan (as is strongly urged by Plaintiffs) is not conforming, in the opinion of the Secretary, the State defendants are directed to submit a plan for approval to the Secretary no later than thirty (30) days from the date of this Order. Additionally, any plan submitted to the Department of HEW for approval by the State must make provision for the reimbursement to plaintiffs on a reasonable cost related basis for services rendered from the date of this Order prospectively. The Department of HEW is prohibited and enjoined from approving any State plan not providing for the reimbursement of these plaintiffs on a reasonable cost related basis as of the date of this Order.

The question of plaintiffs' entitlement to retroactive relief will be reserved at this time. Plaintiffs are directed to submit memoranda on this point no later than November 4, 1977. Defendants shall submit opposing memoranda by November 18, 1977. No further memoranda in response shall be allowed except upon leave of Court.

DONE AND ORDERED this 18th day of October, 1977, at Miami, Florida.